## JACOB W. SWEENEY v. CYRUS GARRETT.

(No. 10,256.)

1. The court in general term will confine their review solely to the error apparent in the record.
2. To create a forfeiture of a lease, it is not necessary to make any demand for rent when the lease provides that the non-payment without demand shall determine the lease.
3. In an action to recover possession of land, after a forfeiture of a lease, the mere fact of another action pending between the same parties for the same premises is not a good defense, unless it appears that the cause of action is the same.

GENERAL TERM.—Proceeding in error to reverse a judgment rendered in favor of Cyrus Garrett, at special term, by Spencer, J., in a suit to recover the possession of real property.

The pleadings, on the part of the plaintiff, allege that he claims title to a lot of land on the east side of Walnut, beween Sixth and Seventh streets, in the city of Cincinnati, being a portion of a hotel known as the Walnut Street House, the possession of which the defendant unlawfully withholds.

The answer sets up the fact that the plaintiff had commenced another action to recover the same premises, which was then pending in this court.

It also alleges the defendant's right to remain in possession by virtue of a lease, made to him by the plaintiff for the premises in controversy, for a term of nine years from February 12, A. D. 1852.

On the trial it was found that a large amount of rent, due to the plaintiff by the defendant, was unpaid, and no offer to pay it had been made by the defendant. By the terms of the lease, the rent was $1,000 per annum, payable monthly in installments of $83,33⅓ on the first day of each month, with this condition, "that in case said Jacob W.

Sweeney should fail to pay any installment of said rent for thirty days after the same shall have become due, and without demand on the part of said Garrett, then this lease to become void."

On the 1st of January, A. D. 1859, about $700 was due, and, on the same day, the plaintiff was present at the defendant's hotel, which covered the premises described in the lease, and was ready to receive his rent, but no payment of rent was made, and no offer to pay it came from the defendant.

The case was submitted to the court, who held, upon the testimony, the plaintiff was entitled to recover the possession of the premises held by defendant, and judgment was given accordingly.

Exceptions were taken to the judgment, and to the refusal of the judge to grant a new trial.

*Stephen Clark*, for plaintiff in error.

*Snow & Bradstreet*, for defendant in error.

STORER, J., delivered the opinion of the court:

We are asked to revise the proceedings in this case at special term.

First, because the court erred in deciding the plaintiff could avail himself of the conditions of the lease, after he had dispensed with them and waived them.

We find no such ruling in the record, and no exception appears to have been taken to the opinion of the court, if one was expressed upon the point.

The second error assigned is, that the court held a demand for the rent due need not have been made by the lessor to give him a right of entry.

The terms of the lease were regarded by the judge as conferring that right upon the lessor, and he accordingly decided the plaintiff was not required to demand payment of the rent, and this, in our opinion, is the law of the case.

There seems to be no conflict of authority on the question from Dormer's case, 5 Co. 40, to the present time; we find the rule thus stated in 1 Bac. Abrid. 655, recognized in Woodfall's Landlord and Tenant, 266; *Goodright* v. *Cator*, 2 Douglas, 477; and *Harris* v. *Masters*, 2 B. & Cress. 490.

The third error assigned is but the statement of the second in another form, and the opinion we have expressed upon that is equally applicable to this. As to the fourth, that parol evidence was admitted to explain the lease, we find no such statement in the bill of exceptions, and must disregard this assignment of error accordingly.

As to the fifth, that the court erred in refusing to decide that a former action then pending, was a bar to this proceeding.

It does not appear by the record that any such action was pending. No proof of the fact is exhibited in the bill of exceptions, but, on the contrary, it is there stated that all the testimony offered on the trial was that of the parties themselves, who were both sworn.

We are not, therefore, required to consider this exception. If, however, we were permitted to refer to the answer in which the pendency of the former action is set forth, we find there is no averment, that the suit was for the same cause; and it is certain a plea would be bad unless such an allegation was made. It can not be claimed that a former suit pending to recover the possession, because of a prior forfeiture, can affect the right to the same remedy for a subsequent forfeiture. On the whole case, we affirm the judgment.

Judgment affirmed.